UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. _____
*~Electronically Filed~*

GAY E. DARSIE                                                                     PLAINTIFF


V.              **NOTICE OF REMOVAL WITH SUPPORTING POINTS
                          AND AUTHORITIES**


C. TIMOTHY CONE, ESQ.,
EXECUTOR OF THE ESTATE
OF JAMES F. GLENN, DECEASED,
CAMBRIDGE F. GLENN, II, NANCY CARRICK
GLENN, SARA BROOKE GLENN, AND
JAMES M.W. GLENN                                                               DEFENDANTS


* * * * * * * * *

Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn, by counsel, pursuant to 28 U.S.C. §§ 1441 and 1446, hereby give notice that this cause is removed from Woodford Circuit Court, Kentucky ("State Court") to the United States District Court for the Eastern District of Kentucky at Lexington ("Federal Court").   In support of their Notice of Removal, Defendants state as follows:

**INTRODUCTION**

Plaintiff, Gay E. Darsie, filed the present action on April 16, 2010, in the Woodford Circuit Court.   See "Complaint," ¶ 25 (Copy of Plaintiff's Complaint is attached hereto as Exhibit "1").   Plaintiff is the widow of James F. Glenn, M.D., who died on June 10, 2009.  Plaintiff claims in her Complaint that she and Dr. Glenn entered into a certain pre-nuptial agreement and a post-nuptial agreement, whereby Dr. Glenn

agreed that she would receive certain benefits from TIAA-Cref plans at his death.  The plans in question were controlled by ERISA.  Plaintiff made a claim for these benefits with the plan administrator, but her claims were denied because the beneficiary designations in the plan records indicated that the beneficiaries of the plan were these Defendants.  After the denial of her claim, Plaintiff instituted this state court action in which she sought to recover the value of these benefits, along with related relief through state contract and related claims.

**SUBJECT MATTER JURISDICTION**

Subject matter jurisdiction exists for the present matter under both the Court's federal question jurisdiction, 28 U.S.C. § 1331, and diversity of citizenship, 28 U.S.C. § 1332.

**I.    FEDERAL QUESTION JURISDICTION – COMPLETE PREEMPTION UNDER ERISA**

Pursuant to 28 U.S.C. § 1331, the federal district courts have original jurisdiction of all civil actions arising under the U.S. Constitution, federal law, or treaties of the United States.  Typically, whether a case is removable is determined from the face of the complaint under the "well-pleaded complaint" rule.  Metropolitan Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987).  One exception to the well-pleaded complaint rule, however, is whether Congress has so completely preempted a particular area that any civil complaint raising a particular group of claims is necessarily federal in character.  Id. at 63-64.  If Congress has so acted and complete preemption applies, then a claim presents a federal question even if the complaint at issue purports to raise only state-

law causes of action.  Id. at 64.  The U.S. Supreme Court has held that the civil enforcement framework established by ERISA completely preempts state-law claims for a plan participant or beneficiary's recovery of employment-related benefits.  Id. at 65.

In the present case, Plaintiff alleges she is the rightful beneficiary of certain employment benefits, particularly TIAA-Cref funds, earned by her deceased husband. In 29 USC § 1144, the statute provides that State law claims are preempted and superseded by ERISA:

> Except as provide in subsection (b) of this section, the provisions of this subchapter and subchapter III of this chapter shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title and not exempt under section 1003(b) of this title.

The United States Supreme Court addressed the pre-emption statute in Egelhoff v. Egelhoff, 532 US 141 (2001).  In that case, in ruling that ERISA preempts a Washington statute concerning the effect of divorce on beneficiaries of a non-probate asset, it emphasized the broad scope of pre-emption:

> ERISA's pre-emption section, 29 U.S.C. §1144(a), states that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan" covered by ERISA.  We have observed repeatedly that this broadly worded provision is "clearly expansive." [Citations omitted].  But at the same time, we have recognized that the term "relate to" cannot be taken "to extend to the furthest stretch of its indeterminacy," or else "for all practical purposes pre-emption would never run its course."  We have held that a State law relates to an ERISA plan "if it has a connection with or reference to such a plan."

-3-

A recent Circuit Court decision which addressed the effect of ERISA pre-emption on ante-nuptial agreements is <u>Hurwitz v. Sher</u>, 982 F.2d 778 (2nd Cir. 1992).  In that case, one of the parties argued that State law should apply because ERISA did not specifically address the effect of ante-nuptial agreements.  The Court disagreed and ruled that ERISA pre-emption applies:

> As a preliminary matter, Peter argues that New York law should provide guidance as to the outcome of this case.  It does not.  ERISA's pre-emption provision is very broad: ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan described in section 1003(a) of this title."  [Citation omitted].  Under this provision, pension plan regulation is made an exclusively federal concern.  [Citation omitted].  Peter argues that ERISA is silent on the effectiveness of ante-nuptial agreements as spousal waivers justifying an application of State law.  [Citation omitted].  This argument is without merit.  Although ERISA does not speak specifically to the issue of ante-nuptial agreements, it does set out quite plainly the requirements for an effective spousal waiver of benefits."

In <u>Metropolitan Life Insurance Company v. Taylor</u>, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed. 2d 55 (1987), the Supreme Court extended the complete-preemption doctrine for purposes of removal to ERISA claims.  As in <u>Metropolitan Life</u>, Plaintiff here is seeking to recover ERISA benefits, which were denied to her by the plan administrator, by seeking them indirectly through state law claims.  Such claims are preempted by federal law.  Moreover, even though the Complaint purports to pursue state law claims, for purposes of removal, federal law has so completely preempted the field that federal question removal is permitted under the complete-preemption doctrine.

Thus, as these benefits fall within ERISA, the present matter presents a federal

question, and jurisdiction before this Court is proper pursuant to 28 U.S.C. § 1331.

## II.   DIVERSITY OF CITIZENSHIP

For subject matter jurisdiction based on diversity of citizenship, the parties must be citizens of different states and the matter in controversy must exceed $75,000.  28 U.S.C. § 1332(a).  In the present case, the defendants who have been served are all citizens of different states.  28 U.S.C. § 1441(b).  Further, Plaintiff avers in her complaint that she is seeking income from benefits that were valued at $665,000.00 at the time of her husband's death.  See "Complaint," ¶ 25 (Copy of Plaintiff's Complaint is attached hereto as Exhibit "1").  Thus, diversity of citizenship and the amount in controversy requirements for this Court's subject matter jurisdiction have been met.

### A.   Citizens of Different States.

Complete diversity of citizenship exists between the parties.  Plaintiff avers that she resides in Woodford County, Kentucky.  See "Complaint," ¶ 1.  Defendants, Cambridge F. Glenn, II; Nancy Carrick Glenn; Sara Brook Glenn; and James M.W. Glenn are residents of Durham North Carolina, Washington, D.C., and Golden, Colorado.  Id. at ¶ 3.  Plaintiff also has named as a party C. Timothy Cone, Esq., as the executor of the Estate of James F. Glenn.  Id. at ¶ 2.  Although Mr. Cone is a Kentucky resident, Plaintiff has not yet served Mr. Cone with a copy of the Summons and Complaint.  See "Affidavit of J. Robert Lyons, Esq." (Attached hereto as Exhibit "2"). As Mr. Cone has not been served, his state of residency is irrelevant for determining whether complete diversity of citizenship exists.

Pursuant to 28 U.S.C. § 1441(b), an action is removable on the basis of diversity of citizenship so long as none of the parties who have been served are citizens of the state in which the action was brought.  Section 1441(b) states in pertinent part:

> Any other such action shall be removable only if none of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).

The U.S. Court of Appeals for the Sixth Circuit has recognized that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)."  McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (court's emphasis). Courts around the country have held that, pursuant to section 1441(b)'s unambiguous language, "a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant."  North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (stating that the "majority of courts" have reached this conclusion).  See also Wallace v. Tindall, 2009 WL 4432030, *3 (W.D. Mo. Nov. 30, 2009); Vitatoe v. Mylan Pharm., Inc., 2008 WL 3540462, *5 (N.D.W. Va. Aug. 13, 2008); Johnson v. Precision Airmotive, LLC, 2007 WL 4289656 (E.D. Mo. Dec. 4. 2007); Thomson v. Novartis Pharm. Corp., 2007 WL 1521138 (D.N.J. May 22, 2007).

Removal is proper even where service upon a forum defendant has begun, but not been completed, at the time of removal.  Cucci v. Edwards, 510 F. Supp. 2d 479 (C.D. Cal. 2007).  The federal courts thus have decided "virtually uniformly" that the forum defendant rule applies only if a resident defendant is both a named party and has been served at the time of removal.  Massey v. Cassens & Sons, Inc., 2006 WL

381943, *2 (S.D. Ill. Feb. 16, 2006).

Therefore, as the non-diverse defendant, C. Timothy Cone, Esq., has yet to be served, complete diversity exists between the remaining Defendants, who have been joined and served, and Plaintiff.

**B.    Amount in Controversy.**

In addition to diversity of citizenship between the parties, the matter in controversy must exceed $75,000.  See 28 U.S.C. § 1332(a).  Plaintiff avers in her complaint that she is seeking income from benefits that were valued at $665,000.00 at the time of her husband's death.  See "Complaint," ¶ 25.  She further avers that these benefits have appreciated since his death.  Id.  Thus, the amount in controversy exceeds $75,000.

**TIMELINESS**

The present action was filed on April 16, 2010.  This Notice of Removal, therefore, is filed within 30 days after receipt of the Complaint and within one year of the commencement of this action as mandated by 29 U.S.C. § 1446(b); see Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344 (1999), and is therefore timely.

Pursuant to Fed. R. Civ. P. 81(c), the removing Defendants either will file their respective answers or present other responses, defenses or objections within five (5) days after this Notice of Removal.

**CONCLUSION AND PRAYER**

The removal jurisdiction of this Court is properly invoked by the Notice filed

herewith on the following grounds:

i   Federal Question jurisdiction;

i   Diversity of citizenship exists between Plaintiff and the name and served Defendants;

i   The amount in controversy exceeds $75,000.00, exclusive of interest and costs; and

i   The filing of the Notice of Removal is timely.

See 28 U.S.C. § 1441.  Written notice of the filing of the Notice of Removal will be served promptly on the attorney for Plaintiff and a copy will be filed promptly with the Woodford Circuit Court, Kentucky, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn, pray that the above-styled state court action, now pending in the Woodford Circuit Court, bearing Docket No. 09-CI-2212, be removed to the United States District Court for the Eastern District of Kentucky at Lexington.

Respectfully submitted,

GLEN S. BAGBY
J. ROBERT LYONS
DINSMORE & SHOHL LLP
250 WEST MAIN STREET
SUITE 1400
Lexington, Kentucky  40507
T: (859) 425-1000
F: (859) 425-1099

/s/ J. ROBERT LYONS
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

## CERTIFICATE OF SERVICE

On the 4th day of May, 2010 I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants.

/s/ J. ROBERT LYONS
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

-9-