COMMONWEALTH OF KENTUCKY
WOODFORD CIRCUIT COURT
~~I~~ DIVISION
CIVIL ACTION NO. 10-CI- 00 202

GAY E. DARSIE                                                                          PLAINTIFF

v.                                         **COMPLAINT**

C. TIMOTHY CONE, ESQ.                                                           DEFENDANTS
EXECUTOR OF THE ESTATE OF
JAMES F. GLENN, DECEASED
SERVE:      201 West Short Street
            Lexington, KY 40507

CAMBRIDGE F. GLENN, II
SERVE:      4032 Nottaway Rd
            Durham, NC 27707-5425

NANCY CARRICK GLENN
SERVE:      39 Wilhelm Place
            Durham, NC 27705

SARA BROOKE GLENN
SERVE:      4944 Quebec St NW
            Washington, DC 20016-3231

JAMES M.W. GLENN
SERVE:      c/o Meritech, Inc.
            600 Corporate Circle, Ste H
            Golden, CO 80401

FILED

APR 1 6 2010

ATTEST:
TRICIA NAVE KITTINGER, CLERK

* * *   * * *   * * *

Comes the Plaintiff, Gay E. Darsie, also known as Gay Darsie Glenn and Gay M. Elste,

and for her claim herein states as follows:

1.      Plaintiff is the surviving spouse of James F. Glenn, M.D. (hereinafter referred to

as the "decedent" or "Dr. Glenn"), who died in Lexington, Kentucky, on June 10, 2009.  Plaintiff

shared a marital residence with Dr. Glenn in the state of Florida.  Plaintiff and Dr. Glenn also

resided at Plaintiff's residence on the John C. Darsie, Jr. farm in Woodford County, Kentucky.

1

04-20-10A07:01 RCVD

2.     Defendant C. Timothy Cone, Esq. 201 W. Short Street, Lexington, Kentucky 40507, is the Executor of the Estate of James F. Glenn, deceased, appointed in that capacity by the Woodford District Court on July 1, 2009.

3.     Defendants Cambridge F. Glenn, II, a resident of Durham, North Carolina; Nancy Carrick Glenn, a resident of Durham, North Carolina; Sara Brooke Glenn, a resident of Washington, DC; and James M.W. Glenn, a resident of Colorado, are the surviving adult children of James F. Glenn, M.D. by a prior marriage and are not related to Plaintiff (hereinafter referred to as "the children.")

4.     This Court has jurisdiction over the subject-matter of this action as a contested probate action, necessary to settle this Estate and construe the Will of Dr. Glenn.

5.     This Court has jurisdiction over the non-resident adult children of Dr. Glenn, and they may be summoned under KRS 394.190, because they are named beneficiaries who claim an interest in the Estate of Dr. Glenn.  Further, they, through their attorney and agent, demanded that the Executor disallow Plaintiff's claim, thereby submitting themselves to this Court's jurisdiction in order to settle the Estate.  The Glenn children also own legal or beneficial interests in entities which own real estate in this Commonwealth and have transacted other business here so as to be subject to long-arm jurisdiction under KRS 454.210.  Service through the Secretary of State and upon their Kentucky attorney who protested Plaintiff's claim should be initiated by issuance of summons and mailing of same by certified mail to each.

6.     Alternatively, only in rem jurisdiction is necessary to settle the Glenn Estate, and the adult children of Dr. Glenn may be properly summoned to assert their interest in the Estate assets in Kentucky and justify their objection to Plaintiff's claim, or be forever barred.

7.     Plaintiff and Dr. Glenn married on January 11, 2002 and remained married until Dr. Glenn's death.

8.     Prior to the marriage, Defendant Cone prepared a Pre-Marital Agreement which for valuable consideration and mutual promises, Plaintiff and Dr. Glenn executed on January 9, 2002 in Kentucky before departing the next day for New York, where they were married. Paragraph 12(B) provided that, *inter alia*, that Dr. Glenn agreed to give to Plaintiff:

> "Income from Jim's TIAA-CREF account for and during Gay's lifetime in such amounts as Jim shall have diverted."

A true and correct copy of that agreement is attached as Exhibit A and incorporated by reference.

9.     On May 21, 2006, Plaintiff  was presented with a Postnuptial Agreement and Amendment to the Pre-Marital Agreement to be executed by Plaintiff and Dr. Glenn.  Said Agreement was executed for valuable consideration, and a true and correct copy is attached as Exhibit B and incorporated by reference.  Paragraph 1 of the Amendment deleted paragraph 12 of the January 9 2002 Pre-Marital Agreement and substituted, *inter alia*, the following, wherein Dr. Glenn promised and agreed to give Plaintiff:

> F.     Income from a lifetime annuity in TIAA Account No. A135052-7 for life, which has a present value of approximately Two Hundred Thousand Dollars ($200,000);
>
> G.     Income (minimum distribution) from CREF Account No. 4833146A-1 for life.

10.    On or about May 21, 2006, Dr. Glenn executed a Last Will and Testament, which, along with a Codicil to the Will executed on June 27, 2007, continued in effect until his death. The Will and Codicil were admitted to probate by order of the Woodford District Court on July 1, 2009.  A true and correct copy of the Will and Codicil are attached as collective Exhibit C and

incorporated by reference. Article 7 of the aforementioned Will gave and bequeathed to Plaintiff, *inter alia*, as follows:

>    E.    Income from a lifetime annuity with TIAA; and

>    F.    Income (minimum distribution) from my account with CREF.

11.    During his lifetime, Dr. Glenn established various investment accounts with TIAA-CREF, which were referenced in Exhibits A, B and C. According to the investigation of Mr. Cone following his appointment as Executor, the approximate value of these accounts at Dr. Glenn's death was $772,000.00. Mr. Cone's investigation revealed that "there were essentially three accounts:" (1) the Duke [University] account with a value of $604,000.00 (hereinafter "Duke account"); (2) the Yale [University] account with a value of $61,000.00 (hereinafter "Yale account"); and (3) the "third account: consisting of Emory, UK and miscellaneous remitters having a value of $107,000.00."

12.    Consistent with the agreements referenced in paragraphs 8 and 9 above, Plaintiff filed a Proof of Claim against the Estate of James F. Glenn on or about October 16, 2009. Her Proof of Claim demands, *inter alia*, payment by the Estate of the current value as of the date of remittance to Plaintiff of the Duke and Yale investment contracts. A true and correct copy of her proof of claim is attached as Exhibit D and incorporated by reference.

13.    As a part of his duties as Executor, Mr. Cone began in July, 2009 to make an investigation as to the status of the aforementioned TIAA-CREF investment accounts, including but not limited to the identity of the proper beneficiary(ies) entitled to the aforementioned accounts at Dr. Glenn's death. Mr. Cone reviewed, *inter alia*, the aforementioned agreements between Dr. Glenn and the Plaintiff; the Last Will and Testament and Codicil thereto of Dr. Glenn; the paperwork executed by Dr. Glenn and Plaintiff with regard to the various beneficiary

designations applicable to the aforementioned TIAA-CREF accounts; and various notes and instructions of Dr. Glenn to Mr. Cone and to the children of Dr. Glenn, expressing Dr. Glenn's intentions with regards to the aforementioned TIAA-CREF accounts.   Mr. Cone also had discussions with various TIAA-CREF representatives.   The results of this investigation are set out in Mr. Cone's October 23, 2009 letter to the Defendant children, with copy to the Plaintiff, a true and correct copy of which letter is attached as Exhibit E (without attachments) and incorporated by reference.

14.    Mr. Cone concluded, *inter alia*, that if TIAA-CREF continued with its then current position (expressed first verbally, then subsequently in writing) that Plaintiff had waived her claim as a surviving spouse to any part of the CREF contracts, the Defendant children would be beneficiaries of the Duke and Yale accounts, and "it would further appear Gay [Plaintiff] has a valid claim against the Estate, based on the Postnuptial Agreement (and supported by other expressions of your father's wishes), for the value of the minimum distributions payable to her over her lifetime."

15.    On or about October 30, 2009, Bryan Holbert, a representative of TIAA-CREF, formally advised Plaintiff that TIAA-CREF had determined that Plaintiff had, on March 15, 2004 (sic), by signing a document permitting Dr. Glenn to begin to receive minimum distributions on one or more investment contracts, waived any rights she had to make any claims as a surviving spouse "for moneys remaining at the time of passing of your late husband."   A true and correct copy of that letter is attached as Exhibit F and incorporated by reference.

16.    This determination by TIAA-CREF is erroneous and inconsistent with the paperwork which Dr. Glenn and Plaintiff signed, the intent of Plaintiff and Dr. Glenn, and Mr. Cone's investigation of the facts referenced above.   There are sufficient assets in the residuary

Estate of Dr. Glenn to compensate Plaintiff for the loss of her contractual benefits as a result of Dr. Glenn's breach of contract and no claim is asserted herein against TIAA-CREF or assets held by it.

17.     On or about February 26, 2010, Defendant Cone issued a notice letter disallowing Plaintiff's claim, Exhibit D, notwithstanding the **existence of adequate assets** in the Estate of Dr. Glenn to fulfill her rightful claim.  This action was taken in response to the request of the Defendant children by and through their authorized agent in Kentucky.  A true and correct copy of that letter is attached as Exhibit G and incorporated by reference.  The notice letter did not warn Plaintiff of any impending bar of sixty (60) days to commence an action contesting the disallowance pursuant to KRS 396.055, thereby constituting an election by Mr. Cone not to impose the time bar, and this action and appeal is timely filed.

**COUNT I:**
**APPEAL AND CONTEST OF DISALLOWANCE OF CLAIM**

18.     The Plaintiff reaffirms and realleges all of the allegations of paragraphs 1-17.

19.     Plaintiff's claim filed against the Estate referred to in paragraph 12 above is valid and an order of this Court should be entered directing Mr. Cone to pay it according to its terms from assets of the Estate, because, *inter alia*:

A.     Dr. Glenn, in return for valuable consideration, reciprocal promises and covenants, agreed to perform during his lifetime all necessary steps to insure that Plaintiff was entitled to receive payments from the Duke and Yale investment contracts for and during Plaintiff's life following his death;

B.     Dr. Glenn evidenced this intent for Plaintiff to receive the aforementioned benefits in numerous other written and verbal expressions thereof; and

6

C.   Dr. Glenn's intent was further reflected by the gift, bequest and devise to the Plaintiff of the income from TIAA and CREF accounts contained in Article 7 of his Last Will and Testament followed by his bequest to the Defendant children of the residual value of the CREF account following the death of Plaintiff.

20.   The Defendant children, who are residuary beneficiaries of Dr. Glenn's Estate as provided by Article 10 of Dr. Glenn's Last Will and Testament, should be required to assert and justify any objection they may have to the Estate's payment in full of Plaintiff's claim or forever be barred from contesting same.

21.   This action should be considered by the Court as an action to contest the disallowance of Plaintiff's claim against the Estate and/or an appeal thereof.

### COUNT II:
### BREACH OF CONTRACT, FAILURE OF CONSIDERATION, OR IMPOSSIBILITY OF PERFORMANCE

22.   The Plaintiff reaffirms and realleges all of the allegations of paragraphs 1-21.

23.   On or about January 9, 2002 Plaintiff and Dr. Glenn executed the Pre-Marital Agreement previously referred to in paragraph 8 above. This Pre-Marital Agreement was subsequently amended by the Postnuptial Agreement and Amendment to Pre-Marital Agreement referred to in paragraph 9 above.

24.   In conformity with the Pre-Marital Agreement, as amended, Plaintiff agreed to, and she did, *inter alia*:

A.   Allow Dr. Glenn to maintain as his separate property substantial assets identified in paragraph 3 thereto, including but not limited to income from and appreciation in value of said separate property;

B.   Allow Dr. Glenn to make a Will without regard to the laws of descent and distribution of the Commonwealth of Kentucky;

C.   Consent to an election by Dr. Glenn to waive a preretirement and qualified joint survivor spousal annuity and otherwise consent to Dr. Glenn's designation of **beneficiary or beneficiaries;**

D.   Refrain from asserting any claim or interest in the Estate (including dower) which may have otherwise been available to Plaintiff because of her status as surviving spouse of Dr. Glenn, including but not limited to the right to file a renunciation of Dr. Glenn's Will as provided by KRS 392.080; and

E.   Relinquish to the Defendant children all claims, distributive shares, rights, title or interest, to which she would have been entitled to claim as surviving spouse of Dr. Glenn.

25.   In return for the aforementioned commitments and performance by the Plaintiff, Dr. Glenn agreed to gift to the Plaintiff, *inter alia*, the minimum distribution sums or income for her life from the Duke and Yale investment contracts, which had a value at Dr. Glenn's death of $665,000.00, have appreciated since his death, and continue to have a value in excess of the minimum dollar amount necessary to establish the jurisdiction of this Court.   Plaintiff relied upon Dr. Glenn's promises in performing or adhering to her commitments as above.

26.   Dr. Glenn's failure to execute appropriate paperwork with TIAA-CREF to enable Plaintiff to receive the aforementioned income from the Yale and Duke investment contracts, if in fact that occurred as currently maintained by TIAA-CREF, constitutes a breach of the parties' written agreements, entitling Plaintiff to general and/or compensatory damages payable by Mr. Cone in his representative capacity as executor of the James F. Glenn Estate, from Estate assets.

8

27.    Plaintiff's damages include, but are not limited to, the present value of the Duke and Yale contracts (or their date of death value as of June 10, 2009, whichever is higher), then applied to determine the present dollar **value** of the right of Plaintiff to receive the required **minimum distri**bution from Dr. Glenn's CREF account, all in excess of the minimum dollar amount necessary to establish the jurisdiction of **this Court.**

28.    Alternatively, Plaintiff is entitled to rescind the agreements **ref**erred to in paragraphs 8 and 9 above for breach or failure of the agreed consideration or impossibility of performance, and receive, instead, all of the assets which Plaintiff would have been entitled to claim from the Estate as surviving spouse by renunciation and/or laws of intestate succession, dower, and spousal exemption, without regard to any limitation referred to in paragraph 24 above or agreement otherwise, including but not limited to one-half of Dr. Glenn's personal property, and a fee simple interest in one-third of his real property under KRS 392.050 and .080, as amended.

## COUNT III:
## UNJUST ENRICHMENT AGAINST THE DEFENDANT CHILDREN

29.    The Plaintiff reaffirms and realleges all of the allegations of paragraphs 1-28.

30.    The Defendant children benefited by the contractual agreements and waivers by Plaintiff in the agreements between Dr. Glenn and the Plaintiff referred to in paragraphs 8 and 9 above, and have no equitable or legal basis to challenge those agreements.

31.    As a result of the breach, inadvertent or otherwise, by Dr. Glenn of his contractual agreements to Plaintiff in failing to sign proper TIAA-CREF directions, upon which Plaintiff relied to her detriment, Defendant children stand to receive more assets from the Estate and the Duke and Yale investment contracts than Dr. Glenn intended, and they will be unjustly enriched unless Plaintiff's claim for equivalent assets from the residuary Estate is allowed.

32.     Defendant children, contrary to the express intent of their father, Dr. Glenn, have wrongfully demanded that Executor Cone disallow Plaintiff's valid Proof of Claim.

33.     Defendant children should be required to withdraw their protest of Plaintiff's claim so the executor of the Estate may pay her a sum commensurate with that which Dr. Glenn intended and agreed was to be paid to Plaintiff as his spouse from the Duke and Yale investment contracts/accounts at TIAFF-CREF at his death, out of Estate assets, to avoid unjust enrichment of his children.

## COUNT IV:
## DECLARATION OF RIGHTS

34.     The Plaintiff reaffirms and realleges all of the allegations of paragraphs 1-33.

35.     The Court should, in conformity with the bequest to Plaintiff referred to in paragraph 7 above, issue an order directing Executor Cone to pay to Plaintiff from the assets of the Estate of James F. Glenn the value of the "income from a lifetime annuity with TIAA" and the "income (minimum distribution) from account with CREF," and further determine that the Defendant Children, if and when they receive assets from the Duke and Yale investment contracts which Dr. Glenn intended for Plaintiff to receive, should be deemed to have received an advancement thereby, or to have elected to receive said assets instead of Estate assets of equal value bequeathed to them pursuant to Article 10 of Dr. Glenn's Last Will and Testament.

36.     In the alternative, if the Court determines that the specific bequest to Plaintiff has failed for any reason, including but not limited to mutual mistake or ademption, it should order Executor Cone to pay her the value thereof from the residuary of the Estate, pursuant to KRS 394.500 and other applicable law.

37.     Plaintiff is entitled to an award of her attorney's fees and costs expended herein.

WHEREFORE, the Plaintiff demands judgment pursuant to Count I-IV herein declaring that her claim equal to the full present value of income for her life from Dr. Glenn's TIAA-CREF accounts and/or annuities valued as of the actual date of distribution to Plaintiff or valued at his June 10, 2009 date of death, whichever amount is greater, against the Estate of James F. Glenn, M.D. is valid and should be paid, with interest, at the legal rate of 8% per annum; alternatively, Plaintiff demands an amount equal to Plaintiff's statutory share of the Estate she would have received had she been permitted to renounce the Will, from the Estate assets; interest after judgment at 12% per annum until paid; her reasonable attorney fees and costs incurred herein, and all other relief, legal or equitable, to which she is entitled.

Respectfully submitted,

STURGILL, TURNER, BARKER & MOLONEY, PLLC

BY: _Stephen J. Barker_
STEPHEN L. BARKER, ESQ.
KEVIN G. HENRY, ESQ.
333 West Vine Street, Suite 1400
Lexington, Kentucky 40507
(859) 255-8581
ATTORNEYS FOR PLAINTIFF

x:\wdox\clients\64320\0001\pleading\00125171.doc