UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 10-cv-00154-KSF
~Electronically Filed~

GAY E. DARSIE                    PLAINTIFF

V.       ANSWER, COUNTERCLAIM AND CROSS CLAIM

C. TIMOTHY CONE, ESQ.,
EXECUTOR OF THE ESTATE OF
JAMES F. GLENN, DECEASED, ET AL.             DEFENDANTS

\* \* \* \* \* \* \* \* \* \*

  Come the Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn and James M.W. Glenn, by counsel, and for their Answer, Counterclaim and Cross Claim, state as follows:

## ANSWER

### FIRST DEFENSE

  The Complaint fails to state a claim against these Defendants upon which relief can be granted and, therefore, must be dismissed.

### SECOND DEFENSE

  1. The Plaintiff's claims set forth in the Complaint are completely preempted by applicable federal statutory and common law, including, but not limited to, the Employment Retirement Income Security Act.

  2. These Defendants rely upon this preemption as a complete or partial bar to the Complaint, which must be dismissed.

THIRD DEFENSE

TIAA Account No. A135052-7 and CREF Account No. 4833146-1, described in the Postnuptial Agreement and Amendment to the Pre-nuptial Agreement, and referred to in Paragraph 9 of the Complaint, did not exist at the death of Dr. Glenn. These Defendants rely upon the same as a complete or partial bar to the Complaint.

FOURTH DEFENSE

1. With respect to the allegations of paragraph 1 of the Complaint, these Defendants admit that Plaintiff is a surviving spouse of James F. Glenn, M.D., who died in Lexington, Kentucky on June 10, 2009. These Defendants lack sufficient information to form a belief as to the truth or falsity of the allegations and implications of the remaining allegations of paragraph 1 of the Complaint and, therefore, deny same.

2. These Defendants admit the allegations of paragraph 2 of the Complaint.

3. These Defendants admit the allegations of paragraph 3 of the Complaint.

4. These Defendants deny the allegations of paragraph 4 of the Complaint, and state that due to the complete preemption of federal law, that this matter should be resolved in the applicable federal court.

5. With respect to the allegations of paragraph 5 of the Complaint, these Defendants admit so much of the allegations contained in paragraph 5 of the Complaint as are matters of public record, but deny the allegations that there is personal jurisdiction over these Defendants and further deny that the Woodford Circuit Court has subject matter jurisdiction.

6. With respect to the allegations of paragraph 6 of the Complaint, these Defendants deny those allegations, and specifically deny that only in rem jurisdiction is necessary.

7. These Defendants admit the allegations of paragraph 7 of the Complaint.

8. With respect to the allegations of paragraph 8 of the Complaint, these Defendants state that, upon information and belief, they believe that the agreement attached as Exhibit A is a true and accurate copy of a Pre-Marital Agreement entered into between Plaintiff and Dr. Glenn, but these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 8 of the Complaint and, therefore, deny same.

9. With respect to the allegations of paragraph 9 of the Complaint, these Defendants state that, upon information and belief, they believe that the agreement attached as Exhibit B is a true and accurate copy of a Post-Nuptial Agreement entered into between Plaintiff and Dr. Glenn, but these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 9 of the Complaint and, therefore, deny same.

10. With respect to the allegations of paragraph 10 of the Complaint, these Defendants admit so much of paragraph 10 of the Complaint as are matters of public record and state that they admit that the document attached as Exhibit C to the Complaint is a true and accurate copy of the Will and Codicil, which were probated by Order of the Woodford District Court on July 1, 2009, but state that they lack sufficient

information to form a belief as to the truth or falsity of the remaining allegations of paragraph 10 of the Complaint and, therefore, deny same.

11. With respect to the allegations of paragraph 11 of the Complaint, these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 11 of the Complaint and, therefore, deny same.

12. With respect to the allegations of paragraph 12 of the Complaint, these Defendants admit so much thereof as are matters of public record, but state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 12 of the Complaint and, therefore, deny same.

13. With respect to the allegations of paragraph 13 of the Complaint, these Defendants deny that it was part of the duties of Mr. Cone as Executor to address the beneficiary status of the TIAA-CREF investment accounts, which are matters controlled by federal law or that he had any authority to prepare an investigation or report with respect to those accounts, and these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 13 of the Complaint and, therefore, deny same.

14. With respect to the allegations of paragraph 14 of the Complaint, these Defendants state that they deny that Mr. Cone, in his capacity as Executor or any other capacity, had any authority to express an opinion or conclusion concerning the beneficiaries of the TIAA-CREF accounts or any further claims of Plaintiff, and these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations thereof and, therefore, deny same.

15. With respect to the allegations of paragraph 15 of the Complaint, these Defendants admit that Exhibit F to the Complaint appears to be a fair and accurate representation of a letter dated October 30, 2009 from Bryan Holbert but state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations thereof and, therefore, deny same.

16. These Defendants deny the allegations of paragraph 16 of the Complaint.

17. With respect to the allegations of paragraph 17 of the Complaint, these Defendants admit that Exhibit G is a fair and accurate copy of the letter denying the claim of the Plaintiff, and these Defendants deny any implication in paragraph 17 that Plaintiff's claim is a "rightful claim," and these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 17 of the Complaint and, therefore, deny same.

18. With respect to the allegations of paragraph 18 of the Complaint, these Defendants rely upon their responses heretofore made.

19. These Defendants deny the allegations of paragraph 19 of the Complaint.

20. These Defendants deny the allegations of paragraph 20 of the Complaint.

21. These Defendants deny the allegations of paragraph 21 of the Complaint.

22. With respect to the allegations of paragraph 22 of the Complaint, these Defendants rely upon their responses heretofore made.

23. With respect to the allegations of paragraph 23 of the Complaint, these Defendants state, upon information and belief, that the Pre-Marital Agreement and the Post-Nuptial Agreement were signed by Plaintiff and Dr. Glenn, but these Defendants

lack sufficient information to form a belief as to the truth or falsity of the remaining allegations of paragraph 23 of the Complaint and, therefore, deny same.

24. With respect to the allegations of paragraph 24 of the Complaint, these Defendants state that they lack sufficient information to form a belief as to the truth or falsity of the allegations of paragraph 24 of the Complaint and, therefore, deny same, and further state that they deny any implications or interpretations placed on these documents by the Plaintiff.

25. With respect to the allegations of paragraph 25 of the Complaint, these Defendants admit that the Duke and Yale investment contracts have a value which exceeds the minimum jurisdictional amount for this Court, but these Defendants deny the remaining allegations of paragraph 25 of the Complaint.

26. These Defendants deny the allegations of paragraph 26 of the Complaint.

27. These Defendants deny the allegations of paragraph 27 of the Complaint.

28. These Defendants deny the allegations of paragraph 28 of the Complaint.

29. With respect to the allegations of paragraph 29 of the Complaint, these Defendants rely upon their responses heretofore made.

30. These Defendants deny the allegations of paragraph 30 of the Complaint.

31. These Defendants deny the allegations of paragraph 31 of the Complaint.

32. These Defendants deny the allegations of paragraph 32 of the Complaint.

33. These Defendants deny the allegations of paragraph 33 of the Complaint.

34. With respect to the allegations of paragraph 34 of the Complaint, these Defendants rely upon their responses heretofore made.

35. These Defendants deny the allegations of paragraph 35 of the Complaint.

36. These Defendants deny the allegations of paragraph 36 of the Complaint.

37. These Defendants deny the allegations of paragraph 37 of the Complaint, and all other allegations therein not specifically admitted herein.

## FIFTH DEFENSE

These Defendants rely upon the following affirmative defenses: lack of jurisdiction over the subject matter, lack of jurisdiction over the person, insufficiency of process and insufficiency of service of process.

## SIXTH DEFENSE

These Defendants state that the Plaintiff has failed to name necessary and indispensible parties to this action, and rely upon same as a complete or partial bar to the Complaint.

## SEVENTH DEFENSE

These Defendants rely upon the affirmative defenses of: preemption by federal law, laches, estoppel, waiver, ratification, failure of consideration, and impossibility.

## EIGHTH DEFENSE

Paragraph 16 of the Pre-Marital Agreement states as follows:

> If any term or provision of this Agreement or the application thereof to any person or circumstances shall to any extent be invalid or unenforceable, the remainder of this Agreement, or the application of such terms to persons or circumstances other than those as to which it is invalid or unenforceable, shall not be affected thereby, and each term of this Agreement shall be valid and enforceable to the fullest extent permitted by law.

These Defendants rely upon this term of the Pre-Marital Agreement as a complete or partial bar to the Complaint.

## NINTH DEFENSE

1.	These Defendants state upon information and belief that Plaintiff commenced administrative proceedings to pursue her claim to payments from the TIAA-CREF plan.

2.	These Defendants further state upon information and belief that Plaintiff's claim to payments from the TIAA-CREF plan was disallowed.

3.	These Defendants further state upon information and belief that Plaintiff has not exhausted her administrative remedies with respect to her claim to payments from the TIAA-CREF plan, and is pursuing these remedies; and these Defendants rely upon same as a complete or partial bar to the claims in the Complaint.

## TENTH DEFENSE

Applicable Kentucky authorities, including KRS 392.080, establish a statute of limitations within which a surviving spouse must act, in order to renounce a will. The applicable statute of limitations within which the Plaintiff might have acted, to renounce the will of Dr. Glenn, expired, without the Plaintiff having acted to renounce the will of Dr. Glenn. These Defendants rely upon same as a complete or partial bar to the claims in the Complaint.

COUNTERCLAIM AND CROSS CLAIM

1.      These Defendants are the children of the deceased, James F. Glenn, M.D. (hereinafter "Decedent" or "Dr. Glenn") who died in Lexington, Kentucky on June 10, 2009.

2.      The Plaintiff is the surviving spouse of James F. Glenn, M.D.

3.      During his lifetime, Dr. Glenn established certain investment accounts as a consequence of his employment at Yale University and Duke University, which accounts are subject to the Employment Employee Retirement Income Security Act.

4.      On or about March 14, 2004, Dr. Glenn executed a Minimum Distribution Order form so he could receive monthly minimum distributions from the Yale and Duke accounts. On that same date, the Plaintiff executed a written Spousal Waiver.

5.      The aforementioned Minimum Distribution Order form listed these Defendants as the primary beneficiaries of the Yale and Duke accounts.

6.      On or about May 3, 2004, a CREF Minimum Distribution Certificate was issued to Dr. Glenn with respect to the Duke account. This CREF Minimum Distribution Certificate listed the primary beneficiaries as these Defendants.

7.      On or about February 22, 2008, Dr. Glenn sent a letter to Plaintiff in which he indicated he was leaving all TIAA-CREF to these Defendants, his children. The Plaintiff made reference to this letter in an email correspondence to Defendant, Timothy Cone, dated August 10, 2009.

8. In spite of these beneficiary designations and the waiver executed by the Plaintiff, the Plaintiff has attempted to raise a dispute and a claim to the equivalent of these benefits against the estate.

9. As a result of this claim, there is a dispute between the parties concerning whether or not the Plaintiff is entitled to further distributions from the estate in the amount of the value of the accounts from Yale University and Duke University, because the Plaintiff's claim is preempted by applicable federal law.

10. These Defendants deny that Plaintiff is entitled to any further claim or relief with respect to that claim, and request the Court to enter a Judgment ruling that the claim is invalid and preempted by applicable federal law.

11. These Defendants are entitled to an award of their attorney fees and costs expended herein from the Plaintiff.

WHEREFORE, these Defendants demand relief as follows:

1. A Judgment be entered dismissing the Complaint and holding it for naught;

2. A Judgment be entered which declares the claim of the Plaintiff to be invalid and preempted by applicable federal law;

3. That these Defendants recover their costs herein expended, including a reasonable attorney fee, from the Plaintiff;

4. For any and all other relief to which these Defendants may appear entitled.

10

Respectfully submitted,

GLEN S. BAGBY
J. ROBERT LYONS, JR.
DINSMORE & SHOHL LLP
250 WEST MAIN STREET
SUITE 1400
Lexington, Kentucky 40507
T: (859) 425-1000
F: (859) 425-1099

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

## CERTIFICATE OF SERVICE

On the 11th day of May, 2010 I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants.

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

385327_1