UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:10-CV-00154-KSF

*-Electronically Filed-*

GAY E. DARSIE                                                                                                                 PLAINTIFF

V.              **PLAINTIFF'S ANSWER TO COUNTERCLAIM**

C. TIMOTHY CONE, ESQ.                                                          DEFENDANTS
EXECUTOR OF THE ESTATE OF JAMES F. GLENN, DECEASED,
CAMBRIDGE F. GLENN, II, NANCY CARRICK GLENN,
SARA BROOKE GLENN, AND JAMES M.W. GLENN

\*\*\*   \*\*\*   \*\*\*

Comes the Plaintiff, Gay E. Darsie, by and through counsel, and for her Answer to Counterclaim of Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn, states as follows:

FIRST DEFENSE

That the Court lacks subject-matter jurisdiction over this matter, or should decline to exercise diversity jurisdiction under the Probate Exception common-law doctrine, and this action should be remanded to the Woodford Circuit Court in its entirety.

SECOND DEFENSE

1.     Plaintiff admits the allegations of paragraph 1 of the Counterclaim.

2.     Plaintiff admits the allegations of paragraph 2 of the Counterclaim.

3.     Plaintiff admits the allegations of paragraph 3 of the Counterclaim.

4.     Plaintiff admits so much of the allegations of paragraph 4 of the Counterclaim as state that on March 25, 2004 Dr. Glenn executed an "Authorization to Begin Minimum Distribution Option (MDO) Payments" so that he could receive monthly minimum distributions

from the Yale and Duke Accounts. Plaintiff admits that on that same date she executed a waiver which she affirmatively states that by its terms only applied to the monthly minimum distributions Dr. Glenn was to receive from the Yale and Duke accounts during his lifetime, and did not constitute a waiver by the Plaintiff of any other spousal rights she may have had in any of Dr. Glenn's investment accounts, by designation, Will, contract, or statute.

5. Plaintiff is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 5 of the Counterclaim and therefore denies same, and affirmatively states that she did not see how, or if, Dr. Glenn executed the minimum distribution form or any other document purporting to list the primary beneficiaries of the Yale and Duke accounts, nor did she see a beneficiary listing as described in numeric paragraph 5 of the Counterclaim.

6. Plaintiff is without knowledge sufficient to form a belief as to the truth of the allegations of paragraph 6 of the Counterclaim, and therefore denies same.

7. The Plaintiff denies the allegations of the first sentence of numeric paragraph 7 of the Counterclaim as stated, but admits that on or about August 10, 2009 certain confidential information was communicated by Plaintiff via electronic mail to Mr. Cone in his capacity as Executor. The subject letter was a confidential marital communication between Dr. Glenn and Plaintiff, which original letter was returned by Plaintiff to Dr. Glenn with modifications. The whereabouts or existence of the original letter is unknown to Plaintiff.

8. Defendant denies the allegations of paragraph 8 of the Counterclaim and affirmatively states that her claims against the estate are set out in the within Complaint and speak for themselves and are adopted by reference herein as if set out at length.

9. Plaintiff admits there is a dispute among the parties as set out in Plaintiff's Complaint, and denies the remaining allegations of paragraph 9 of the Counterclaim, and affirmatively states that her claims are state law claims and are not preempted by applicable federal law.

10. Plaintiff denies the allegations of paragraph 10 of the Counterclaim and affirmatively states that Plaintiff's claim is valid and is not preempted by applicable federal law.

11. Plaintiff denies the allegations of paragraph 11 of the Counterclaim and each and every other allegation of the Counterclaim not specifically admitted herein.

### THIRD DEFENSE

The Counterclaim fails to state a claim against Plaintiff upon which relief may be granted, and must be dismissed, with prejudice.

### FOURTH DEFENSE

Plaintiff relies upon the allegations of her Complaint as a complete bar to Defendants' Counterclaim herein.

WHEREFORE, Plaintiff having fully answered Defendants' Counterclaim demands relief as follows:

1. That this entire action, including but not limited to the Counterclaim, be remanded to the Woodford Circuit Court;

2. That the Counterclaim be dismissed, with prejudice;

3. A judgment be entered in favor of Plaintiff as requested in the within Complaint; and

4. That she receive her costs herein expended, including reasonable attorney's fees, and/or all other relief as appears just.

        Respectfully submitted,

        STURGILL, TURNER, BARKER & MOLONEY, PLLC

        */s/ Kevin G. Henry*
        STEPHEN L. BARKER, ESQ.
        KEVIN G. HENRY, ESQ.
        333 West Vine Street, Suite 1400
        Lexington, Kentucky 40507
        (859) 255-8581
        sbarker@sturgillturner.com
        khenry@sturgillturner.com
        ATTORNEYS FOR PLAINTIFF

## **CERTIFICATE OF SERVICE**

I hereby certify that on May 26, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Glen S. Bagby**
  gbagby@whf-law.com

- **Elizabeth Snow Hughes**
  ehughes@gmalaw.com

- **J. Robert Lyons , Jr.**
  robert.lyons@dinslaw.com

        */s/ Kevin G. Henry*
        KEVIN G. HENRY, ESQ.
        ATTORNEYS FOR PLAINTIFF

x:\wdox\clients\64320\0001\pleading\00130581.doc