UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:10-CV-00154-KSF
~*Electronically Filed*~

GAY E. DARSIE                                                            PLAINTIFF

V.             **RESPONSE TO MOTION TO REMAND**

C. TIMOTHY CONE, ESQ.,
EXECUTOR OF THE ESTATE
OF JAMES F. GLENN, DECEASED,
CAMBRIDGE F. GLENN, II, NANCY CARRICK
GLENN, SARA BROOKE GLENN, AND
JAMES M.W. GLENN                                 DEFENDANTS

\* \* \* \* \* \* \* \* \*

The Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn, by counsel, tender this Response to the Motion to Remand filed by Plaintiff, Gay E. Darsie. These Defendants respectfully request this Court to overrule the Motion to Remand on the basis of the authorities set forth herein.

**I.   PLAINTIFF'S RELIANCE ON KENNEDY V. PLAN ADMINISTRATOR FOR DUPONT SAVINGS AND INVESTMENT PLAN IS MISPLACED BECAUSE THAT CASE EXPLICITLY STATES THAT IT DOES NOT ADDRESS ISSUES OF ERISA PREEMPTION OF STATE LAW.**

Plaintiff attempts to characterize this case as a matter of state contract law, in which she is making a claim against the estate of a decedent for breach of a contract. However, in reality she is attempting to assert a claim that she is the rightful beneficiary of an ERISA plan, contrary to the requirements of controlling federal law. As noted in Metropolitan Life Insurance Company v. Taylor, 481 U.S. 58, 107 S. Ct. 1542, 95 L. Ed.

2d 55 (1987), a suit by a beneficiary to recover benefits from a covered plan falls under § 502(a)(1)(B) of ERISA, which provides an exclusive federal cause of action for resolution of such disputes. As further ruled in Metropolitan Life, this suit, though it purports to raise only state law claims, is necessarily federal in character. As such, the claims are preempted by federal law, and this matter must proceed in federal court.

However, Plaintiff completely ignores Metropolitan Life, in which the Supreme Court extended the complete preemption doctrine to ERISA claims. Plaintiff's Motion to Remand makes no viable effort to address the controlling authority of Metropolitan Life. Rather, Plaintiff relies solely upon Kennedy v. Plan Administrator for DuPont Savings and Investment Plan, 129 S. CT. 865, 172 L. Ed.2d 662, 77 USLW 4082 (2009). Unfortunately for Plaintiff's position, Kennedy explicitly states that the issue addressed has nothing to do with ERISA preemption of state law claims.

Instead, as explained in the Kennedy opinion, the issue addressed in Kennedy is "whether a beneficiary's federal common law waiver of plan benefits is effective where that waiver is inconsistent with plan documents." [Emphasis added]. Id. at 870. In fact, Kennedy addressed a claim of waiver of federal common law, therefore state law preemption does not become a factor at all:

> Third, DuPont claims that a plan cannot recognize a waiver of benefits in a non-QDRO divorce decree because ERISA preempts "any and all State laws insofar as they may now or hereafter relate to any employee benefit plan," with "State law" being defined to include "decisions" or "other State action having the effect of law. §§ 1144(a), (c)(1). DuPont says that Liv's waiver, expressed in a state-court decision and related to an employee benefit plan, is thus preempted. But recognizing a waiver in a divorce decree would not be

2

> giving effect to state law; <u>the argument is that the waiver should be treated as a creature of federal common law</u>, in which case its setting in a state divorce decree would be only happenstance. A court would merely be applying federal law to a document that might also have independent significance under state law. [Emphasis added].

<u>Id.</u> at 874.

Since <u>Kennedy</u> involves issues of federal common law and not state law claims, the fact that <u>Kennedy</u> did not apply state law preemption principles is not significant to the issue of ERISA preemption of state law claims which is before this Court.

Instead, this Court must rely on authorities which actually involve state law preemption principles, such as <u>Metropolitan Life</u>. Like in <u>Metropolitan Life</u>, Plaintiff here is seeking to recover ERISA benefits, which were denied to her by the plan administrator, by seeking them indirectly through purported state law claims. <u>Metropolitan Life</u> is clear that such claims are completely preempted by federal law.

A more relevant case to the issue of ERISA preemption facing this Court is <u>Boggs v. Boggs</u>, 520 U.S. 833, 117 S.Ct. 1754, 138 L.Ed.2d 45 (1997). <u>Boggs</u> involves the question of whether ERISA preempted a state law which allowed a nonparticipant spouse to transfer an interest in undistributed pension plan funds by a testamentary instrument. The decision of the Court rested on the application of state community property law. The Supreme Court held that ERISA preempts the state law.

Like Plaintiff in this case, the party in <u>Boggs</u> attempted to make a distinction because the claim was being made against the recipient of the pension benefit, as opposed to being enforced against the plan itself. The Supreme Court rejected this

3

distinction and applied ERISA preemption, reasoning that "[i]f state law is not pre-empted, the diversion of retirement benefits will occur regardless of whether the interest in the pension plan is enforced against the plan or the recipient of the pension benefit." Id. at 854. The Court then went on to explain:

> The axis around which ERISA's protections revolve is the concepts of participant and beneficiary. When Congress has chosen to depart from this framework, it has done so in a careful and limited manner. Respondents' claims, if allowed to succeed, would depart from this framework, upsetting the deliberate balance central to ERISA. <u>It does not matter that respondents have sought to enforce their rights only after the retirement benefits have been distributed since their asserted rights are based on the theory that they had an interest in the undistributed pension plan benefits.</u> Their state-law claims are pre-empted. Id. at 854. [Emphasis added].

The fact is, as indicated in Metropolitan Life and in Boggs, the Supreme Court has applied complete preemption to claims made under state law which seek to recover ERISA benefits, whether directly from the plan or from the recipient of the benefits. That is exactly the kind of case that Plaintiff is seeking to pursue here. As a consequence, complete ERISA preemption applies and this case must be allowed to proceed in U.S. District Court.

**II.    PLAINTIFF HAS ADMITTED THAT SHE NEITHER SERVED THE NON-DIVERSE DEFENDANT CONE IN ACCORDANCE WITH RULE 4 NOR OBTAINED AND FILED A WRITTEN WAIVER OF SERVICE.**

In support of Plaintiff's motion to remand, she provided a "Stipulation" that Defendant Timothy Cone agreed to informal acceptance of the Complaint and Summons. The Stipulation states that a copy of the Complaint and Summons "was

4

delivered" to Mr. Cone's office on April 16, 2010, the date the action was filed in Woodford Circuit Court.  See "Stipulation" [Doc. No. 8].  According to the Stipulation, Mr. Cone agreed to "waive formal service and notice of process and would enter his appearance and file a responsive pleading" by May 15, 2010.  Id.  The Stipulation thus is an admission that Plaintiff did not effectuate formal service of process on Mr. Cone.

Under the Federal Rules of Procedure, Mr. Cone was not served prior to removal of the case by the Glenn Defendants.  Mr. Cone subsequently filed an Answer on May 14, 2010, ten (10) days after the Glenn Defendants had removed the action to this Court.  Until then, however, the Court did not have personal jurisdiction over Mr. Cone.  His avowed informal acceptance of service is insufficient as a matter of law to waive the service requirements of Fed. R. Civ. P. 4.

The Federal Rules of Civil Procedure apply to a civil action "after it is removed from a state court."  Fed. R. Civ. P. 81(c).  Pursuant to Rule 4, a plaintiff may effectuate service either by making personal service of a summons on a defendant or by filing a written waiver with the court.  Fed. R. Civ. P. 4(c) & (d).  In order to obtain a waiver of service, a plaintiff must send a notice and request for waiver to the defendant, which must:

>   (A)  be in writing and be addressed:
>          (i) to the individual defendant; . . .
>   (B)  name the court where the complaint was filed;
>   (C)  be accompanied by a copy of the complaint, two copies of a
>          waiver form, and a prepaid means for returning the form;
>
>   (D)  inform the defendant . . . of the consequences of waiving
>          and not waiving service;

5

>    (E)  state the date when the request is sent;
>
>    (F)  give the defendant a reasonable time of at least 30 days after the request was sent . . . to return the waiver; and
>
>    (G)  be sent by first-class mail or other reliable means.

Fed. R. Civ. P. 4(d)(1).

If the defendant agrees to waive service, the defendant must sign and return the executed waiver form. Fed. R. Civ. P. 4(d)(3). The plaintiff then must file the waiver with the court. "When the plaintiff files a waiver, proof of service is not required and these rules apply **as if a summons and complaint had been served at the time of filing the waiver.**" Fed. R. Civ. P. 4(d)(4) (emphasis added). (Under the Kentucky Rules of Civil Procedure, the comparable Rule 4 does not provide for waiver of service. See Ky. R. Civ. P. 4.) Thus, under Rule 4, a waiver of service is effective as service only as of the time it is filed with the court. Until then, the court lacks personal jurisdiction over the defendant, and the defendant remains unserved as a matter of law.

Where the facts are undisputed, determination of whether there was adequate service of process is a question of law. LSJ Inv. Co. v. O.L.D., Inc., 167 F.3d 320, 322 (6th Cir. 1999). The Sixth Circuit has held expressly that unless the district court receives a waiver of summons pursuant to Rule 4(d), the plaintiff is required to comply with formal service of process. O.J. Distributing, Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 354 (6th Cir. 2003). When a return of service has not been filed with the court, there has been no formal service, and if a defendant also has yet to make an appearance, the defendant is not properly before the court. See Edmonds v. Rees, 2007 WL 2344942, *4

(W.D. Ky.). Although the present matter was filed originally in state court, the Federal Rules of Civil Procedure apply upon removal, and plaintiffs in federal diversity cases are required to be aware of the differences between the state and federal rules of civil procedure. See Fed. R. Civ. P. 81(c)(1); Corporex Companies, LLC v. Proskauer Rose, LLP, 2010 WL 20100486, *10 (E.D. Ky.) (Bertelsman, J.).

Although informal acceptance of service may be a custom of practice, it is not recognized by either the Federal or Kentucky Rules of Civil Procedure as an effective means of service. The custom operates only so long as the defendant subsequently enters an appearance by filing an answer or other response to the complaint. Until that entry of appearance, however, the defendant remains unserved and is not subject to the court's personal jurisdiction.

Plaintiff and Mr. Cone have stipulated that he agreed to waive formal service. Thus, by admission of the parties, he never was formally served. In order for his "waiver" of service to have been effective, the requirements of Rule 4(d)(1) & (4) had to be met. Particularly, the waiver had to be filed with this Court and would operate as a waiver sufficient to confer personal jurisdiction only at the time it was filed. As Mr. Cone did not enter an appearance until the filing of his Answer on May 14, he remained an unserved defendant at the time the Glenn Defendants removed this action on May 4th. As discussed in the next section, under Sixth Circuit law and that of the majority of jurisdictions, removal based on diversity of citizenship is proper so long as none of the "properly named and served" defendants are citizens of the same state. Further, the consent of unserved defendants to removal is not necessary.

**III.   THE CITIZENSHIP OF UNSERVED DEFENDANTS IS NOT RELEVANT FOR PURPOSES OF DIVERSITY JURISDICTION; NEITHER IS THE CONSENT OF UNSERVED DEFENDANTS NECESSARY FOR REMOVAL.**

Pursuant to 28 U.S.C. § 1441(b), an action is removable on the basis of diversity of citizenship so long as none of the parties who have been served are citizens of the state in which the action was brought.  Section 1441(b) states in pertinent part:

> Any other such action shall be removable only if none of the parties in interest **properly joined and served as defendants** is a citizen of the State in which such action is brought.

28 U.S.C. § 1441(b) (emphasis added).

The U.S. Court of Appeals for the Sixth Circuit has recognized that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (court's emphasis). Courts around the country have held that, pursuant to section 1441(b)'s unambiguous language, "a non-forum defendant may remove despite the fact that the plaintiff has joined, but not yet served, a forum defendant." North v. Precision Airmotive Corp., 600 F. Supp. 2d 1263, 1268 (M.D. Fla. 2009) (stating that the "majority of courts" have reached this conclusion). See also Wallace v. Tindall, 2009 WL 4432030, *3 (W.D. Mo. Nov. 30, 2009); Vitatoe v. Mylan Pharm., Inc., 2008 WL 3540462, *5 (N.D.W. Va. Aug. 13, 2008); Johnson v. Precision Airmotive, LLC, 2007 WL 4289656 (E.D. Mo. Dec. 4. 2007); Thomson v. Novartis Pharm. Corp., 2007 WL 1521138 (D.N.J. May 22, 2007).

Removal is proper even where service upon a forum defendant has begun, but not been completed, at the time of removal.  Cucci v. Edwards, 510 F. Supp. 2d 479 (C.D. Cal. 2007).  The federal courts thus have decided "virtually uniformly" that the

8

forum defendant rule applies only if a resident defendant is both a named party and has been served at the time of removal. Massey v. Cassens & Sons, Inc., 2006 WL 381943, *2 (S.D. Ill. Feb. 16, 2006). Unserved defendants at the time of removal are ignored for purposes of § 1441(b). Ott v. Consolidated Freightways Corp., 213 F. Supp. 2d 662, 665 (S.D. Miss. 2002).

Similarly, consent to removal from unserved defendants is unnecessary. Brierly v. Alusuisse Flexible Packaging, Inc., 184 F.3d 527, 533 n.3 (6th Cir. 1999). The "rule of unanimity" only requires consent to removal from defendants **who have been served.** Id. See also Xgel Technology, LLC v. C.I. Kasei Co., Ltd., 2009 WL 1576837, *2 (W.D. Mo.) ("It is well recognized that the consent of unserved defendants need not be obtained to effectuate removal.").

In the present case, Defendant C. Timothy Cone, Esq. was an unserved defendant at the time the Glenn Defendants removed the case from Woodford Circuit to this Court. The Glenn Defendants also effectuated removal prior to Mr. Cone entering an appearance. For purposes of subject matter jurisdiction based on diversity of citizenship, the statute for removal provides that only the citizenship of "properly joined and served" defendants is to be considered. As the Sixth Circuit and multiple federal courts have interpreted this statute, the mere naming of "an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." McCall, 239 F.3d at 813 n.2.

As a result, Mr. Cone's residency is irrelevant for purposes of determining diversity of citizenship. Complete diversity exists between the Glenn Defendants and

Plaintiff. Therefore, the case was properly removable, and this Court has subject matter jurisdiction over the matter.

**IV.  PROBATE EXCEPTION TO FEDERAL JURISDICTION IS "DISTINCTLY LIMITED" IN SCOPE AND INAPPLICABLE TO THE PRESENT CASE.**

Plaintiff's assertion of the probate exception to federal jurisdiction ignores the fact that the probate exception is a very narrow exception to federal jurisdiction. Plaintiff fails to address the significance of recent Supreme Court decisions which attempt to rein in the scope of the probate exception, and instead, attempts to apply it to this case, which is beyond the reasonable scope of the exception. The most fundamental principle of federal jurisdiction is the obligation of the federal court to accept jurisdiction in those cases in which jurisdiction exists. This is particularly true in cases, such as the case before this Court, where an important federal legal principle, i.e., ERISA preemption, is involved. As Justice Ginsburg noted in Marshall v. Marshall, 547 U.S. 293. 298-99 (2006):

> In Cohens v. Virginia, Chief Justice Marshall famously cautioned: "It is most true that this Court will not take jurisdiction if it should not: but it is equally true, that it must take jurisdiction if it should... We have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not given." 6 Wheat. 264, 404, 5 L.Ed. 257 (1821).

The probate exception is defined by federal law. Evans v. Pearson Enterprises, Inc., 434 F.3d 839, 847 (6th Cir. 2006). It is a "distinctly limited" and "narrow exception" to federal jurisdiction. Marshall v. Marshall, 547 U.S. 293, 296 & 305 (2006). "[W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of

10

property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent the state court is bound by the judgment to recognize the right adjudicated by the federal court." Markham v. Allen, 326 U.S. 490, 494 (1946).

The "probate exception" only limits the federal court's power "to probate a will or administer an estate." Id. Federal courts still "have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court." Id. (quoting Waterman v. Canal-Louisiana Bank & Trust Co., 215 U.S. 33, 43 (1909)). "Merely determining the rights to, as opposed to administering, assets is not proscribed by the probate exception." Ashton v. The Josephine Bay Paul & C. Michael Paul Foundation, Inc., 918 F.2d 1065, 1072 (2d Cir. 1990).

In the present case, Plaintiff claims that she is asserting a breach of contract action against the Estate of the decedent, Dr. Glenn. Her theory appears to be that Dr. Glenn breached an agreement to name her as beneficiary of his TIAA-CREF benefits. Of course, what Plaintiff is trying to do is, by indirection, change the beneficiary of the TIAA-CREF benefits in a manner contrary to ERISA requirements. Thus, Plaintiff has characterized this as a simple contract action by which the Court will determine either that Dr. Glenn breached an enforceable agreement or that he did not. Even if one

11

accepts Plaintiff's characterization of her claim, nothing about this case requires to the Court to assume control of the assets of the estate.

This Court has jurisdiction to entertain "suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate."  See, also, 13E Fed. Prac. & Proc. Juris. § 3610 (3d ed.)  Nothing about this action interferes with the probate proceedings beyond the extent of the probate court giving full faith and credit to whatever judgment the Court ultimately renders.  The Court is neither assuming general jurisdiction of the probate action nor control of the property in the custody of the state probate court.  Therefore, the narrow "probate exception" to federal jurisdiction simply does not apply to the present case.

It should be noted that the case before this Court was not removed from a Kentucky probate court, but from a Kentucky circuit court, which is a court of general jurisdiction.  It is hard to see how this proceeding in federal court could interfere with the administration of the estate, where Kentucky law would require the action, even as characterized by Plaintiff, to be brought in a court of general jurisdiction and not the probate court.

It is, therefore, not surprising that federal courts have long provided that the probate exception does not apply to cases which can be determined by state courts of general jurisdiction.  For example, in Foster v. Carlin, 200 F.2d 943, 947 (4th Cir. 1953), the Court stated:

> The law is well settled that the federal courts have no
> jurisdiction over matters within the exclusive jurisdiction of
> state probate courts. However, as to matters which do not

12

> involve administration of an estate or the probate of a will, but which may be determined in a separate action inter parties in the courts of general jurisdiction of the state, the federal courts do have jurisdiction if the requisite diversity of citizenship exists.

Likewise, this principle was more recently reiterated in Golden ex rel. Golden v. Golden, 382 F.3d 348, 358 (3rd Cir. 2004):

> [F]ederal courts may nevertheless exercise jurisdiction over an otherwise barred probate-related cause of action if the action would be maintainable inter partes in the state courts of general jurisdiction. [Citations omitted] This supplemental rule means that a state can effectively contract the scope of the probate exception if it allows its courts of general jurisdiction to adjudicate challenges to probate. [Emphasis added].

The probate exception simply does not apply in this case, where the true nature of the action is a dispute concerning the proper beneficiary of a plan controlled by ERISA. Even if one accepts the dispute as it is characterized by Plaintiff, the probate exception to federal jurisdiction does not apply where the case involves a claim of breach of contract by an alleged creditor of an estate and where the matter is of such a nature that, even in state court, it is to be adjudicated in a Kentucky court of general jurisdiction and not in the probate court.

## CONCLUSION

WHEREFORE, Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn, pray that the Court overrule the Plaintiff's Motion to Remand and allow this matter to go forward in the United States District Court for the Eastern District of Kentucky at Lexington.

Respectfully submitted,

GLEN S. BAGBY
J. ROBERT LYONS
DINSMORE & SHOHL LLP
250 WEST MAIN STREET
SUITE 1400
Lexington, Kentucky 40507
T: (859) 425-1000
F: (859) 425-1099

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

## CERTIFICATE OF SERVICE

On the 11th day of June, 2010 I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants.

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

387914_1.DOCX