ELECTRONICALLY FILED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:10-CV-00154-KSF

GAY E. DARSIE                                                                    PLAINTIFF

V.                          **REPLY ON MOTION TO REMAND**

C. TIMOTHY CONE, ESQ.,                                              DEFENDANTS
EXECUTOR OF THE ESTATE OF JAMES F. GLENN, DECEASED,
CAMBRIDGE F. GLENN, II, NANCY CARRICK GLENN,
SARA BROOKE GLENN, AND JAMES M.W. GLENN

*** *** ***

Comes the Plaintiff, Gay E. Darsie, by and through counsel, and for her Reply on
her Motion to Remand, states as follows:

**INTRODUCTION**

This action was filed in Woodford Circuit Court on  April 16, 2010 as a statutory
appeal of a disallowed claim against the estate of Dr. James F. Glenn pursuant to KRS §
396.055, based on state law claims, including breach of contract. Cambridge F. Glenn, II,
Nancy Carrick Glenn, Sara Brooke Glenn and James M. W. Glenn (hereinafter referred
to as Glenn Defendants) improperly removed the case from Woodford Circuit Court on
May 4, 2010, asserting jurisdiction based upon both diversity of citizenship and the
existence of a question of federal law. Neither of these bases for jurisdiction exist, and
further, this a probate matter within the jurisdiction of the Kentucky State Courts.
Therefore, this case should be remanded to Woodford Circuit Court.

1

## ARGUMENT

### I.    THIS CASE DOES NOT PRESENT A FEDERAL QUESTION

The Glenn Defendants attempt to justify their removal of this case by mischaracterizing Plaintiff's complaint as presenting a federal question because they allege that Plaintiff's claims are completely preempted by ERISA. In fact, Plaintiff's claims do not even touch an ERISA plan, are not preempted by ERISA, and her Complaint asserts only causes of action arising under Kentucky law. There are no questions of federal law to be decided by this Court.

Plaintiff's claim is for payment for a breach of a contractual obligation by Dr. Glenn and/or lapse of a specific bequest from the residuary of his estate.  The obligation at issue arose in 2006 with the execution of Dr. Glenn's Will and the Post-Marital agreement between Plaintiff and Dr. Glenn. In 2004, prior to the execution of the documents creating the obligation to Plaintiff, the Glenn Defendant's were identified as the beneficiaries of the TIAA-CREF accounts. When the 2006 documents were executed, Dr. Glenn breached his obligation to Plaintiff by failing to change the beneficiary of the accounts. As such, Plaintiff is now entitled to monetary damages for the breach and the residuary Estate, standing in the place of Dr, Glenn, is the appropriate source of recovery for the value of the lapsed specific bequest and breached contractual obligation.

While the breached contractual obligation and the lapsed bequest reiterated was a promise to make Plaintiff the beneficiary of two TIAA-CREF accounts, Plaintiff is <u>not</u>, directly or indirectly, attempting to claim assets from those two plans. Plaintiff's claim

2

is simply one for payment of a valid contractual obligation and/or lapsed specific bequest from the residuary of testator's estate, which did <u>not</u> receive the proceeds of the accounts. Therefore, this claim is no different than any other state law contract claim. Plaintiff's claims do not directly involve or indirectly affect an ERISA plan, do not involve a plan administrator, and, thus, do not present a federal question. Despite the Glenn Defendants' attempts to portray this as a claim against ERISA benefits, it simply is not such a claim.

ERISA completely preempts state laws that "relate to any employee benefit plan…" 29 USC 1144(a). When analyzing whether a specific claim is preempted, the analysis begins "by simply asking if state law conflicts with the provisions of ERISA or operates to frustrate its objects." *Boggs v. Boggs*, 520 US 833, 841 (1997). In this case, the claim made under state law does not conflict with the provisions of ERISA. Plaintiff's complaint does not seek to change the plan beneficiary, it does not attempt to reach plan assets, and Plaintiff does not seek damages from the plan beneficiaries who received the benefits. In any of those cases ERISA would prevent any unilateral attempt by the Plaintiff to alter the administration of the plans. *See Boggs v. Boggs*, 520 US 833 (1997); *See Kennedy v. Plan Administrator for DuPont Saving and Investment Plan, et. al.*, 129 S.Ct 865 (2009); *See also Egelhoff v. Egelhoff,* 121 S.Ct 1322 (2001). However, Plaintiff's claims do not concern the ERISA plans. The subjects of the breached contractual obligation are two TIAA-CREF accounts, which are plans subject to ERISA. Plaintiff is not, however, requesting specific performance of that obligation, only damages from the breach, payable only from Dr. Glenn's residuary estate, not the TIAA-CREF

3

accounts. Plaintiff's Complaint, in paragraph 16, states "There are sufficient assets in the residuary Estate of Dr. Glenn to compensate Plaintiff for the loss of her contractual benefits as a result of Dr. Glenn's breach of contract *and no claim is asserted herein against TIAA-CREF or assets held by it*." D.E. 1(1), <u>Complaint</u>, emphasis added. This claim does not implicate ERISA and does not form the basis for removal.

Nevertheless, the Glenn Defendants argue that this case is similar to *Metropolitan Life Insurance Company v. Taylor*, 107 S.Ct 1542 (1987). In that case, Mr. Taylor filed suit in Michigan state court alleging breach of contract and "requesting immediate reimplementation of all benefits […]" *Id.* at 1545.  General Motors and Metropolitan Life removed the suit to Federal Court on the ground that the request for reimplementation of benefits created federal question jurisdiction because the benefits at issue were part of an ERISA plan. In that case, the Court ruled that, although the complaint alleged a cause of action under state law, the fact that the relief requested was essentially modification of an ERISA plan was sufficient to support exercise of federal question jurisdiction by the federal court.

This case is not like *Metropolitan Life Insurance Company v. Taylor*. Here, Plaintiff's Complaint makes no claims of entitlement to ERISA plan assets, has not made TIAA-CREF a party, is not attempting to alter the beneficiaries of the plan, does not ask the plan administrator to do anything, and is not seeking damages from the plans beneficiaries themselves. In this case, Plaintiff's complaint clearly alleges only state law claims that are properly addressed to, and payable only from Dr. Glenn's residuary

4

estate. This case, unlike *Metropolitan Life Insurance Company v. Taylor*, does not present a federal question.

## II.    COMPLETE DIVERSITY IS LACKING IN THIS CASE

As a secondary basis for removal, the Glenn Defendants assert that this court has diversity jurisdiction over this case. In *Ratliff v. Merck & Company, Inc.*, 359 F. Supp. 2d 571 (E.D.Ky. 2005), Judge Hood laid out the framework for determining the appropriateness of accepting a removed case with jurisdiction based on diversity. When cases are removed "a defendant seeking to remove a case bears the burden of proving diversity requirements upon a motion to remand filed by the Plaintiff." *Ratliff* at 573. Additionally, district courts must strictly construe removal petitions and must resolve any doubts as to jurisdiction in favor of remand to state court. *Id.* (*citing Fenger v. Idexx Labs, Inc.*, 194 F. Supp. 2d. 601, 602-03 (E.D.Ky. 2002)).

In this case, the Glenn Defendants have failed to prove complete diversity, and on its face, the lack of diversity is obvious from the Complaint. The Glenn Defendants admit in their Response to Plaintiff's Motion to Remand that Mr. Cone is a non-diverse party. They maintain that this court's assertion of diversity jurisdiction is appropriate notwithstanding this fact, saying that the law in the Sixth Circuit allows removal due to an "unserved resident defendant", the Executor of Dr. Glenn's Estate (who certainly is an essential party). This argument is based upon the language of 28 U.S.C § 1441(b) which states that actions are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the state in which the action is brought." 28 U.S.C § 1441(b). The Glenn Defendants' argument "creates an opportunity for

gamesmanship by defendants who . . . file removal notices prior to service of process, and that permitting removal would undermine plaintiffs' right to choose the forum, would be inequitable . . . and would be at odds with the intent of Congress, which sought to prevent gamesmanship by plaintiffs." Wright and Miller, <u>Federal Practice and Procedure</u> (4th ed. 2010) vol. 14C, §3730; *see also Ethington, et. al. v. General Electric Company, et. al,* 575 F.Supp.2d 855 (N.D. Ohio 2008).  Courts have recognized this and found that diversity "must exist both at the time of the filing of the complaint and at the time of the petition for removal." <u>Moore's Federal Practice</u> (3d. ed. 2010) vol. 15, § 102.21[1]; *see also Jerome-Duncan, Inc. v. Auto-By-Tel, L.L.C.,* 176 F.3d 904, 907 (6th Cir. 1999). Here, diversity did not exist at the time of the filing of the complaint or at the time of the petition for removal.

The Glenn Defendants' argument depends upon the lack of proper service under the Federal Rules of Civil Procedure.  Service prior to removal is governed by the law of the state in which the action was filed. Wright and Miller, <u>Federal Practice and Procedure</u> (4th ed. 2010) vol. 14C, §3738. Plaintiff admittedly did not properly serve Mr. Cone under the Federal Rules of Civil Procedure.  The case was in Woodford Circuit Court when Mr. Cone orally agreed to waive formal service under state rules, and committed to answer by a date certain, a common professional courtesy that should be encouraged, not exploited by other defendants.  Kentucky Rule of Civil Procedure 4.04(8) allows service to be proved either by certified mail return receipt or by sworn testimony of the person who effectuated service. Here, undersigned has provided a stipulation by Mr. Cone that he had received a courtesy copy of the complaint and

summons from Plaintiff's counsel and orally waived the requirement of formal service. *See* D.E. 8, <u>Stipulation</u>. Additionally, "a person can consent to receive service of process in a manner that deviates from this Rule [4.01] or can waive notice of service altogether." Phillips Jr., et. al., 6 <u>Kentucky Practice</u> (6th ed. 2005) 23; *see also* Wright and Miller, <u>supra</u> § 1062. In fact, "parties frequently utilize an entry of appearance and do not request the issuance of summons. […] An entry of appearance obtaining prior to […] the issuance of summons does not operate to bring the defendant before the court." Phillips Jr., et. al., 6 <u>Kentucky Practice</u> (6th ed. 2005) 23. <u>The Woodford Circuit Clerk had issued summons to Mr. Timothy Cone, Executor</u>, satisfying Kentucky Rule of Civil procedure 3 for commencement of a civil action but due to the agreement by Mr. Cone to waive service, service by certified mail or constable was not effectuated.

The Glenn Defendants mistakenly argue that Plaintiff failed to follow the Federal Rules of Civil Procedure by not securing from Defendant Cone a waiver of formal service. Plaintiff filed this case in Kentucky State Court in Woodford County and was not, at the time Mr. Cone waived service, subject to the Federal Rules of Civil Procedure. If the Kentucky Rules of Civil Procedure sanctioned a procedure for securing a waiver of service, Plaintiff would have employed such a method.  Since at that time Plaintiff was not subject to the Federal Rules of Civil Procedure, Plaintiff did not have to secure a waiver of service pursuant to Federal Rule of Civil Procedure 4.

"District Courts must strictly construe removal petitions and must resolve any doubt as to jurisdiction in favor of remand to state court." *Fenger v. Idexx Labs, Inc.,* 194 F. Supp. 2d. 601, 602-03 (E.D.Ky. 2002).There is no question that Mr. Cone was served

with the complaint, and he has now filed an answer in this case. Despite the fact that Mr. Cone was not formally served under the Federal Rule at the time the Glenn Defendants' removed this action, it was obvious that complete diversity was lacking on the face of the complaint. The hasty effort by the Glenn Defendants to remove before Mr. Cone could file his answer was mere gamesmanship, not valid removal for true diversity of citizenship among the parties.

### III.     THE PROBATE EXCEPTION APPLIES AND PREVENTS THE EXERCISE OF JURISDICTION BY THIS COURT

Alternatively, if the Court finds it does have diversity jurisdiction, this case falls within the purview of the probate exception, which prohibits the exercise of jurisdiction here. The probate exception is a narrow exception to federal court jurisdiction; it limits a federal court's power to "probate a will or administer an estate." *See Markham v. Allen*, 326 U.S. 490, 494 (1946). The Glenn Defendants argue that in *Marshall v. Marshall,* 126 S.Ct. 1735 (2006), the United States Supreme Court limited the exception. There, Justice Ginsburg observed "federal courts have jurisdiction to entertain suits to determine the rights of creditors, legatees, heirs, and other claimants against a decedent's estate." *Marshall* at 311. Despite that observation *Marshall* notes that, two courts cannot exercise *in rem* jurisdiction over the same *res* and the probate exception "precludes federal courts from endeavoring to dispose of property that is in the custody of state court." *Marshall* at 311-12. Since *Marshall* was decided, the Sixth Circuit has interpreted the breadth of the probate exception to be as follows: "to the extent that Plaintiffs' claims seek *in personam* jurisdiction over Defendants' instead of seeking to reach the *res* over which the

8

state court has custody, and do not seek to probate or annul a will, the probate exception does not apply." *Schweers v. Stewart,* Civil Action No. 5:09-236-KKC, slip op. at 3 (E.D. Ky. 2010) (*citing Wisecarver v. Moore,* 489 F.3d 747 (6th Cir. 2007)) (internal citations omitted). The probate of Dr. Glenn's Estate had already commenced in state court, and Plaintiff's Complaint was timely filed as a statutory appeal from disallowance of her claim against the residuary of the Estate, which was already *in custodia legibus.* Thus, the probate exception *does* apply here.

Plaintiff is not seeking an *in personam* money judgment against the Glenn Defendants. Plaintiff is not seeking to change the beneficiary of the TIAA-CREF fund. Plaintiff is simply seeking payment for a contractual obligation of Dr. Glenn from the residuary of Dr. Glenn's estate. Dr. Glenn's estate is currently going through probate proceeding in Woodford County, Kentucky and is, therefore, the *res* over which a Kentucky state court already had asserted jurisdiction.

Finally, the Glenn Defendants argue that because this case was not removed from a probate court, the probate exception does not apply. This argument mischaracterizes the nature of Plaintiff's claim. Plaintiff filed this action in Woodford Circuit Court as a contested probate matter after the denial of her claim against the estate. KRS 396.055 requires filing an action against the personal representative of the estate within 60 days of the disallowance of a claim against the estate, in the circuit court . Because this action is in the nature of a statutory appeal from the disallowance of a claim against Dr. Glenn's estate, this action, although not in probate court, is nonetheless a contested probate matter and will affect the administration and residuary

of the estate.  This Court should refrain from exercising diversity jurisdiction on such a tenuous basis.

## CONCLUSION

This case lacks diversity jurisdiction, does not present a federal question, and, in any event, Plaintiff's claim is encompassed by the probate exception. WHEREFORE, Plaintiff respectfully submits that this Court should remand this action in its entirety to the Woodford Circuit Court, where all claims and defenses of all parties can be fully and fairly adjudicated, together with such other relief to which she may be entitled, legal and equitable, at the cost of the removing Glenn Defendants.

Respectfully submitted,

STURGILL, TURNER, BARKER & MOLONEY, PLLC

*/s/Stephen L. Barker*
STEPHEN L. BARKER, ESQ., KBA #03270
KEVIN G. HENRY, ESQ., KBA #31255
333 West Vine Street, Suite 1400
Lexington, Kentucky  40507
Telephone No.:  (859) 255-8581
Facsimile No.:  (859) 231-0851
sbarker@sturgillturner.com
khenry@sturgillturner.com
ATTORNEYS FOR PLAINTIFF

10

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of June, 2010, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

- **Glen S. Bagby**
  gbagby@whf-law.com

- **Elizabeth Snow Hughes**
  ehughes@gmalaw.com

- **J. Robert Lyons , Jr.**
  robert.lyons@dinslaw.com

/s/Stephen L. Barker
STEPHEN L. BARKER, ESQ.
COUNSEL FOR PLAINTIFF

x:\wdox\clients\64320\0001\pleading\00134174.docx

11