UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON
CASE NO. 5:10-CV-00154-KSF
~Electronically Filed~

GAY E. DARSIE                                                                                  PLAINTIFF

V.              **SUR-REPLY IN FURTHER OPPOSITION**
                   **TO MOTION TO REMAND**

C. TIMOTHY CONE, ESQ.,
EXECUTOR OF THE ESTATE
OF JAMES F. GLENN, DECEASED,
CAMBRIDGE F. GLENN, II, NANCY CARRICK
GLENN, SARA BROOKE GLENN, AND
JAMES M.W. GLENN                                         DEFENDANTS

\* \* \* \* \* \* \* \* \*

Defendants, Cambridge F. Glenn, II, Nancy Carrick Glenn, Sara Brooke Glenn, and James M.W. Glenn ("the Glenn Defendants"), by counsel, tender this Sur-Reply in Further Opposition to the Motion to Remand filed by Plaintiff, Gay E. Darsie. The Glenn Defendants respectfully request this Court to overrule the Motion to Remand on the points and authorities set forth herein, which are being provided to address ambiguities present in Plaintiff's Response [DN 13].

## ARGUMENT

The Glenn Defendants' Sur-Reply pertains only to Plaintiff's arguments regarding their removal on the basis that Defendant Cone was an unserved defendant at the time of removal and, therefore, his citizenship is not considered for purposes of the removal statute, 28 U.S.C. § 1441(b). Plaintiff's argument is confusing and

1

inaccurately addresses the authorities on which she relies.  She appears to argue two points in particular which the Glenn Defendants believe need to be addressed.

First, Plaintiff argues that the Kentucky Rules of Civil Procedure govern service of process prior to removal, and that Kentucky attorneys frequently agree to waive service as a common practice.  As the Glenn Defendants will discuss, after the removal of a case to federal court, the Federal Rules of Civil Procedure govern all procedural requirements not completed prior to removal.  Nothing within the Kentucky Rules of Civil Procedure permit the waiver of service to equal the completion of service.  Thus, contrary to Plaintiff's arguments, Defendant Cone remained an "unserved defendant" at the time of removal.

Second, Plaintiff's authorities cited in support of her argument that the Court should ignore the plain language of 28 U.S.C. § 1441(b) do not pertain to a served out-of-state defendant removing a case prior to a plaintiff effectuating service on the in-state defendant.  The express language of the removal statute and the great weight of authority recognize that, for purposes of removal based on diversity, only the citizenship of those parties both "properly joined **and served**" is to be considered for purposes of removal.

**I.     PLAINTIFF'S RELIANCE ON KY. R. CIV. P. 4 IS FLAWED; CONE WAS AN UNSERVED DEFENDANT WHO HAD NOT ENTERED AN APPEARANCE AT THE TIME OF REMOVAL.**

Plaintiff argues that the Kentucky Rules of Civil Procedure apply to service of process prior to removal and Defendant Cone's agreement to waive service, and not the Federal Rules of Civil Procedure.  If Plaintiff had effectuated service on Defendant

2

Timothy Cone pursuant to the Kentucky Rules prior to removal, then the Glenn Defendants would have agreed that service had been proper. But as Plaintiff at one point admits again, she never served Defendant Cone, as he had agreed to waive service. See "Reply on Motion to Remand," p.7 [DN 13]. Thus, Plaintiff did not serve or attempt to serve Defendant Cone pursuant to Ky. R. Civ. P. 4. He remained an unserved defendant at the time of removal.

In Plaintiff's Reply, she quotes selectively from Kentucky Practice regarding the informal practice of waiving service. Id. (quoting Phillips, et al., 6 Kentucky Practice at 23 (6th ed. 2005). The selected provision reads more completely:

> A person can consent to receive service of process in a manner that deviates from this Rule or can waive notice altogether. **It is common practice for a defendant not to object to defective service where it can be corrected and will not affect the outcome on the merits.** Parties frequently utilize an entry of appearance and do not request the issuance of summons. **This is a deviation from the clear wording of CR 3 and could result in an unforeseen pitfall.** An entry of appearance obtained prior to filing of the complaint and the issuance of summons does not operate to bring the defendant before the court.

Phillips, 6 Ky. Prac. R. Civ. Proc. Ann. Rule 4.01 (6th ed.) (language in bold omitted by Plaintiff).

Nothing about this section of Kentucky Practice equates an informal waiver of service to constitute effective service. The Woodford Circuit Court did not have personal jurisdiction over Defendant Cone until after he entered an appearance by filing an Answer eight (8) days after the Glenn Defendants removed the action.

Upon removal, the Federal Rules of Civil Procedure then governed all further procedural steps. Fed. R. Civ. P. 81(c)(1). The very section of Kentucky Practice cited

by Plaintiff continues by recognizing that Rule 4 of the Federal Rules of Civil Procedure has different requirements. For example, Fed. R. Civ. P. 4(m) requires service of process within 120 days after the Complaint is filed. See 6 Ky. Prac. R. Civ. Proc. Ann. Rule 4.01. Hypothetically, if Defendant Cone had not agreed to waive service, and the case was removed prior to Plaintiff completing service, Fed. R. Civ. P. 4 would govern how Plaintiff completed service of process. Plaintiff could not argue that she had a "reasonable time" to effectuate service, as CR 4 has been interpreted under state law, rather than the 120 limitation of Fed. R. Civ. P. 4(m).

By way of further example, Plaintiff cites Wright & Miller on Federal Practice and Procedure to argue that service prior to removal is governed by state law. See "Reply on Motion to Remand," p.6 (citing § 3738). That provision, however, discusses the fact that after removal, the federal court may address the sufficiency of process and, if a defendant was not served, service shall be completed in accordance with the Federal Rules of Civil Procedure:

> After the removal of an action from state court, the federal district court acquires full and exclusive subject-matter jurisdiction over the litigation. The case will proceed as if it originally had been brought in the federal court. Thus, it has been settled by numerous cases that **the removed case will be governed by the Federal Rules of Civil Procedure** and all other provisions of federal law relating to procedural matters.
> . . .
>
> Section 1447(a) authorizes a federal court to issue "all necessary orders and process to bring before it all proper parties whether served by process issued by the State court or otherwise." **Section 1448 specifically provides that if any defendants have not been served, or if prior service was inadequate,** "process or service may be completed or new process issued

4

> **in the same manner as in cases originally filed in such district court."** The federal court can look into the sufficiency of the service of process issued prior to removal. State law governs the sufficiency of the state court process and the existence of personal jurisdiction insofar as that is a state law issue, rather than a federal constitutional question, but the sufficiency of post-removal service pursuant to the Federal Civil Rules and the form and timing of a challenge by the defendant to the adequacy of service is governed by the Federal Civil Rules.

Wright & Miller, 14C <u>Federal Practice and Procedure</u> § 3738 (4th ed. 2010) (emphasis added).

As Mr. Cone was never served with process, the Federal Rules of Civil Procedure govern.

Plaintiff's reliance on CR 4.04(8) further is an inaccurate assessment of the law. Plaintiff correctly states that CR 4.04(8) pertains to proof of service. The pertinent provision referenced by Plaintiff recites: "Proof of service shall be made either by the return receipt mentioned in Rule 4.01(1)(a) or **by affidavit of the person making such service, upon or appended to the summons**, stating the time and place of service . . . ." Ky. R. Civ. P. 4.04(8). But Plaintiff then attempts to argue inaccurately that this provision is authority for Defendant Cone's "Stipulation" that he agreed to waive service. Mr. Cone's agreement that he eventually would enter an appearance without being served in no way constitutes either service under CR 4 or "proof of service" under CR 4.04(8). CR 4.04(8) expressly establishes the method for a plaintiff to prove that formal service has been effectuated. Nothing about the provision contemplates or sets forth any procedure for Mr. Cone's "Stipulation." The affidavit contemplated by CR

5

4.04(8) is to be made by the person making the service, not the party accepting service or, in Mr. Cone's case, agreeing not to accept service.

The indisputable fact is that Plaintiff did not serve Mr. Cone. Service was not completed in accordance with CR 4 prior to removal. His Stipulation is nothing more than an admission that Plaintiff did not effectuate formal service of process on Mr. Cone. Thus, pursuant to the Federal Rules of Civil Procedure, Mr. Cone was not before the Court until he entered an appearance by filing an Answer on May 14, 2010. Therefore, Mr. Cone was an unserved party at the time the Glenn Defendants removed the case.

II. **PLAINTIFF'S AUTHORITIES DO NOT SUPPORT HER ARGUMENT THAT THE COURT SHOULD IGNORE THE PLAIN LANGUAGE OF THE REMOVAL STATUTE.**

Plaintiff cited § 3730 of Wright & Miller for the proposition that allowing Removal simply because the Kentucky resident defendant had yet to be served would Sanction "gamesmanship" by the Glenn Defendants. See "Reply on Motion to Remand," pp. 5-6 (citing Wright & Miller, 14C Federal Practice and Procedure § 3730 (4th ed. 2010)). Yet, Plaintiff quoted that excerpt from § 3730 out of context. In that very provision, Wright & Miller previously wrote the following:

> [Following enactment of] the 1948 Judicial Code, however, Section 1441(b) provides that diversity cases "shall be removable only if none of the parties properly joined and served as defendants is a citizen of the State in which such action is brought." Thus, **as many cases have held, defendants who have not been properly served may be ignored, not only for jurisdictional purposes and for purposes of the bar upon removal of diversity cases that include forum state defendants,** but also for the purpose of requiring their

6

joinder in the notice of removal.

Wright & Miller, 14C Federal Practice and Procedure § 3730 (emphasis added). Thus, the section of Wright & Miller quoted by Plaintiff actually recognized that "many cases" have held that defendants who have not been served may be disregarded for both for diversity jurisdiction and their consent to removal.

The portion of § 3730 quoted selectively by Plaintiff actually dealt with an exception to this general rule. Some courts have held that a **forum state defendant** may not remove on the basis of diversity subject-matter jurisdiction where that defendant has yet to be served. In other words, if Mr. Cone, not having been served, had removed the case to federal court, then some courts have held this to be improper. It was this activity that Wright & Miller was discussing in the excerpt quoted by Plaintiff.

Plaintiff's cited paragraph of § 3730 also referenced as an example the case of Ethington v. Gen. Elec. Co., 575 F. Supp. 2d 855 (N.D. Ohio 2008), which Plaintiff cited as additional authority in her brief. In Ethington, the forum defendant had attempted to remove the case before it was served, and it was this circumstance alone that led to the district court's decision to remand. See id. at 860-62. The Ethington decision thus is inapplicable to the case *sub judice*.

In circumstances such as the present case, where out-of-state defendants, such as the Glenn Defendants, file a notice of removal prior to service on a forum defendant, the courts have held that federal jurisdiction is proper pursuant to 28 U.S.C. § 1441(b). For example, as the U.S. District Court for the Eastern District of Louisiana recently noted, "[f]ollowing the plain language of section 1441(b), courts have virtually uniformly held

7

that, where complete diversity exists between the parties, the presence of an unserved resident defendant does not prevent removal." Stewart v. Auguillard Constr. Co., 2009 WL 5175217, *3 (E.D. La.) (citations omitted). As the court noted, "the 1948 amendment to section 1441(b) inserted the language 'and served,' 'which implies that a diverse but resident defendant who has not been served may be ignored in determining removability.'" Id. (quoting Wright & Miller, 14B Federal Practice and Procedure § 3723 (4th ed. 2009)). The Stewart court then distinguished Ethington, supra, as a case concerning removal by an unserved, in-state defendant. Id. at *4. The court held that removal by an out-of-state defendant where an in-state defendant had yet to be served was proper. Id.

In the only U.S. Sixth Circuit Court of Appeals decision that the undersigned have found expressly noting this issue, the Sixth Circuit recognized that "the inclusion of an *unserved* resident defendant in the action does not defeat removal under 28 U.S.C. § 1441(b)." McCall v. Scott, 239 F.3d 808, 813 n.2 (6th Cir. 2001) (court's emphasis). Plaintiff's authority to the contrary simply is neither on point nor accurately recited.

## CONCLUSION

Pursuant to 28 U.S.C. § 1441(b), the court considers whether removal is proper by addressing only the citizenship of the parties who have been "properly joined *and served*" at the time of removal.

In the present case, the Glenn Defendants are all out-of-state citizens. They removed the case on May 6, 2010. At that time, the only forum defendant, Mr. Cone, had neither been served nor had he entered an appearance. By "Stipulation," he

8

admitted that he had waived service. The Kentucky Rules of Civil Procedure do not recognize this as constituting service of process. Further, the "Stipulation" does not comply with Fed. R. Civ. P. 4(d) for waiver of service. As a result, the Glenn Defendants properly removed this action, as Mr. Cone's citizenship was irrelevant and his consent to removal was unnecessary.

For the reasons stated, the Court should deny Plaintiff's Motion to Remand.

Respectfully submitted,

GLEN S. BAGBY
J. ROBERT LYONS, JR.
DINSMORE & SHOHL LLP
250 WEST MAIN STREET
SUITE 1400
Lexington, Kentucky  40507
T: (859) 425-1000
F: (859) 425-1099

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

### CERTIFICATE OF SERVICE

On the 25th day of June, 2010, I electronically filed the foregoing document through the ECF system, which will send a notice of electronic filing to all participants.

/s/ J. ROBERT LYONS, JR.
COUNSEL FOR DEFENDANTS,
CAMBRIDGE F. GLENN, II, NANCY
CARRICK GLENN, SARA BROOKE GLENN,
AND JAMES M.W. GLENN

389176_1